IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIE F. HESS,

                                                          Civil No. 09-861-AC
                    Petitioner,

                                          FINDINGS AND RECOMMENDATION
        v.

RICK ANGELOZZI, Superintendent,
Warner Creek Correctional Facility,

                    Respondent.

                    WILLIE F. HESS
                    SID #6598452
                    Warner Creek Correctional Facility
                    P.O. Box 1500
                    Lakeview, OR  97630

                         Petitioner *Pro Se*

                    JOHN R. KROGER
                    Attorney General
                    LESTER R. HUNTSINGER
                    Senior Assistant Attorney General
                    Department of Justice
                    1162 Court Street N.E.
                    Salem, OR  97301

                         Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

ACOSTA, Magistrate Judge.

Petitioner, an inmate at the Warner Creek Correctional Facility, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 *pro se*.[1]  For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (#46) should be DENIED.

## BACKGROUND

Petitioner is in the custody of the Oregon Department of Corrections pursuant to a January 31, 1985, judgment of conviction from Multnomah County Circuit Court on one count of Rape in the First Degree, two counts of Sodomy in the First Degree, and one count of Sexual Abuse in the First Degree.[2]  Petitioner does not contest the legality of his conviction or sentence.  Instead, he challenges an Oregon Board of Parole and Post Prison Supervision (the "Board") decision to defer his parole release date.

On December 7, 2005, the Board deferred Petitioner's parole release date for 24 months. The Board provided the following explanation:

> The Board has received a psychological evaluation on [Petitioner] dated 09/28/2005.
>
> Based on the doctor's report and diagnosis, coupled with all the information that the Board is considering, the Board concludes that [Petitioner] suffers from a present severe emotional disturbance that constitutes a danger to the health or safety

---

[1]Petitioner was previously represented by court-appointed counsel James F. Halley. On September 16, 2010, after the case was fully briefed, the Court granted Petitioner's request to proceed *pro se.*

[2]In 1984, Petitioner was convicted in Clackamas County on a charge of Sexual Abuse in the First Degree.  The sentence on the Clackamas County conviction expired, as did another rape conviction from Multnomah County.

2 - FINDINGS AND RECOMMENDATION -

of the community. The Board has considered this matter under the laws in effect at the time of the committment [sic] offenses.

Resp. Exh. 102, Att. 2,

Petitioner sought administrative review of the Board's decision, contending that the term "present severe emotional disturbance" is unconstitutionally vague. The Board rejected Petitioner's claim as follows:

> In your administrative review request, you first allege that the board did not have sufficient evidence to support its finding that you suffer from a present severe emotional disturbance such as to constitute a danger to the health or safety of the community, because the term "present severe emotional disturbance" is unconstitutionally vague. You are incorrect. ORS 144.125(3) (1981), in effect at the time you committed your crimes, confers upon the board the authority to determine, based on the psychological evaluation and other information in your record, whether you have a "present severe emotional disturbance such as to constitute a danger to the health or safety of the community." In Merrill v. Johnson, 155 Or App 295 (1998) (citing Weidner v. Armenakis), the Oregon Court of Appeals stated, "It is apparent from the text and context of ORS 144.125 that the determination as to whether a prisoner suffers from a severe emotional disturbance such as to constitute a danger to the health and safety of the community is a judgment that the legislature intended for the Board to make." Simply put, the board must determine whether an offender has an emotional disorder that is: (a) present, (b) severe, and (c) one that makes him or her "a danger to the health and safety of the community." Thus it is clear that the term "present severe emotional disturbance is not vague."

Resp. Exh. 102, Att. 1.

Petitioner sought judicial review in the Oregon Court of Appeals on the ground that the statutory phrase "present severe emotional disturbance" is unconstitutionally vague under state and federal constitutions. The Oregon Court of Appeals granted Petitioner leave to proceed with judicial review, but ultimately affirmed the decision of the Board without opinion. *Hess v. Board of Parole and Post-Prison Supervision*, 224 Or. App. 177, 197 P.3d 1151 (2008). Petitioner then

3 - FINDINGS AND RECOMMENDATION -

sought review from the Oregon Supreme Court, which was denied. *Hess v. Board of Parole and Post-Prison Supervision*, 346 Or. 184, 206 P.3d 1058 (2009).

On July 27, 2009, Petitioner filed his habeas corpus action in this Court. In his Amended Petition for Writ of Habeas Corpus, Petitioner alleges one ground for relief:

> Petitioner's incarceration is illegal and contrary to the Constitution of the United States because the phrase "present severe emotional disturbance" in ORS 144.125(3) which the Parole Board used in making its 2005 parole deferral decision is impermissibly vague, in violation of the due process clause of the 5th and 14th Amendments.

## LEGAL STANDARDS

Under 28 U.S.C. § 2254(d)(1), habeas corpus relief may not be granted on any claim that was adjudicated on the merits in state court, unless the adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court decision is not considered "contrary to" established Supreme Court precedent unless it "applies a rule that contradicts the governing law set forth in [Supreme Court cases]" or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). A federal habeas court cannot overturn a state decision "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 409 (2000). Instead, habeas relief may be granted only "in cases where there is no possibility

fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

An "unreasonable application" of clearly established Supreme Court law occurs when "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the ... case." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) (citing *Williams*, 529 U.S. at 413), *cert. denied*, 546 U.S. 963 (2005). "'Clearly established Federal law' is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lambert*, 393 F.3d at 974.

## DISCUSSION

Petitioner twice previously challenged the Board's application of the statutory term "present severe emotional disturbance" to defer his parole release date based on an argument that the term is unconstitutionally vague. In *Hess v. Hill*, Case No. 3:05-cv-00718-JO, 2006 WL 4404768, *4 (D. Or., Oct. 10, 2006), U.S. District Judge Robert E. Jones rejected Petitioner's argument as follows:

> [T]he statute [Or. Rev. Stat. § 141.125(3)] contemplates that the Board will consider all information properly before it, including the psychiatric or psychological evaluation, in reaching its determination as to whether a prisoner suffers from a [present severe emotional disturbance] such as to constitute a danger to the health and safety to the community. The court finds that the statute contains sufficiently specific criteria so as to guide the Board in making its findings, and accordingly, it cannot be said that the statute encourages arbitrary and discriminatory enforcement such that it is void for vagueness, and violative of prisoners' substantive due process rights under the Fourteenth Amendment.

The Ninth Circuit Court of Appeals affirmed Judge Jones' decision, and United Stated Supreme Court denied a petition for writ of certiorari. *Hess v. Board of Parole and Post-Prison Supervision,* 514 F.3d 909 (9th Cir.), *cert. denied,* 544 U.S. 924 (2008).

In another habeas action challenging a subsequent Board decision to defer Petitioner's parole release date, Magistrate Judge Stewart found Judge Jones's reasoning persuasive in a recommendation adopted by U.S. District Judge Michael W. Mosman. *Hess v. Hill,* Case No. 3:05-cv-00226-ST, 2006 WL 3878431, *5 (D. Or., Oct. 16, 2006), *report and recommendation adopted by* 2007 WL 54803 (D. Or., Jan. 04, 2007).[3]  Again, the Ninth Circuit Court of appeals affirmed and the Supreme Court denied a petition for writ of certiorari.  *Hess v. Hill,* 265 Fed. Appx. 637 (9th Cir. 2008), *cert. denied sub nom Hess v. Nooth,* 554 U.S. 924 (2008).

This court finds no basis to disagree with these prior decisions or to elaborate on their reasoning.  In fact, to the extent Petitioner bases his challenge on substantive due process, the Supreme Court recently limited such claims, holding that "in the context of parole eligibility decisions the due process right is *procedural.*"  *Miller v. Oregon Bd. of Parole and Post Prison Supervision,* --- F.3d ---, 2011 WL 1533512 at *5 (9th Cir., Apr. 25, 2011)  (emphasis in original) (citing *Swarthout v. Cooke,* 131 S. Ct. 859, 862 (2011)).  Moreover, the procedural due process rights in afforded in the parole eligibility context entitle a prisoner to nothing more than an opportunity to be heard and a statement of reasons for a parole board's decision.  *Swarthout,* 131 S. Ct. at 862.

---

[3]Judge Stewart's Findings and Recommendation and Judge Mosman's Order adopting them were issued before the Ninth Circuit issued its opinion affirming Judge Jones's decision.

6 - FINDINGS AND RECOMMENDATION -

Here, the Board provided Petitioner the opportunity to be heard and provided a written statement of the reasons why Petitioner's parole release date was deferred.  As such, Petitioner received all the process due under *Swarthout*.  Accordingly, the state court decision denying Petitioner relief on his claim that the Board decision deferring his parole release date violated his constitutional rights was not contrary to or an unreasonable application of clearly established federal law, and Petitioner is not entitled to habeas corpus relief.

## RECOMMENDATION

For these reasons, the Amended Petition for Writ of Habeas Corpus should be DENIED, and judgment of dismissal should be entered.

A certificate of appealability should be DENIED as Petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).

## SCHEDULING

The above Findings and Recommendation are referred to a United States District Judge for review.  Objections, if any, are due July 5, 2011.  If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 14 days after the objections are filed.  If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this 21st day of June, 2011.

John V. Acosta
United States Magistrate Judge

7 - FINDINGS AND RECOMMENDATION -